## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FREDRICK J. FARMER, D.O.** | )<br>)<br>) |
| Plaintiff, | ) Case No. 17-CV-01284 |
| v. | ) State Court Case No. 2017-CV-000022<br>) |
| **STAFFORD COUNTY HOSPITAL;**<br>**RICHARD S. CARTER, M.D.;**<br>**CARTER PROFESSIONAL CARE**<br>**STAFFORD, LLC; and TODD TAYLOR ,** | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff, Fredrick J. Farmer, D.O. ("Dr. Farmer"), moves for a Temporary Restraining Order and Preliminary Injunction, directing Defendants, Stafford County Hospital ("the Hospital"), Richard S. Carter, M.D., Carter Professional Care Stafford, LLC, and Todd Taylor (collectively, "Defendants"), to stay any efforts to adversely affect Dr. Farmer's credentials at the Hospital and to restore the status quo that existed prior to Defendants breaching Dr. Farmer's constitutional, statutory, and contractual rights. In support of this Motion, Plaintiff incorporates the state-court Petition (Exhibit 1), the state-court Application for Temporary Injunction (Exhibit 2), along with its Memorandum in Support (Exhibit 3) and Supporting Declaration (Exhibit 4), and the Medical Staff Meeting Minutes for October 17, 2016 (Exhibit 5) and the Agenda for the Medical Staff Meeting scheduled for November 14, 2017 (Exhibit 6), attached hereto and incorporated herein, by reference, and states and alleges the following:

1.  On October 16, 2017 (Petition, Exhibit 1), Dr. Farmer filed suit against the Defendants in Stafford County District Court, asserting seven claims: breach of contract, tortious

interference—existing contractual relations, promissory estoppel and detrimental reliance, defamation and injury to privacy interests, retaliation, violation of free speech, violation of procedural due process rights.

2. Dr. Farmer's claims were based on Defendants' improper forwarding of false findings to the Kansas Board of Healing Arts ("KBOHA") and refusal to provide the documents necessary for Dr. Farmer to challenge such alleged findings. The Defendants' improper actions violated the Bylaws, Rules and Regulations of the Professional Staff that were properly enacted in 2013, the Hospital's Bylaws, Rules and Regulations, federal and state law, and the United States Constitution, which, collectively, establish a process that must be followed before actions like those in this case are taken.

3. On October 17, 2017 (Exhibit 5), the Hospital held a Medical Staff Meeting without Dr. Farmer. At the meeting, Mr. Taylor reported that Dr. Farmer had filed suit against the Hospital "referencing the Medical Staff Bylaws." As the minutes show, members at the October meeting attempted to change the Hospital's bylaws.

4. The October 17 meeting was intentionally set for a time that Defendants knew that Dr. Farmer would be out of town. Both the Administrator and Assistant Administrator for the Hospital knew that Dr. Farmer would be in Colorado that day. Furthermore, the Hospital's Assistant Administrator notified Dr. Farmer of the October meeting just the day before it was to occur by sending an announcement for it to an email account that she knew Dr. Farmer rarely used.

5. On October 20, 2017, Dr. Farmer filed an application for temporary injunction, which was accompanied with a memorandum in support and a supporting declaration from Dr.

Farmer (Exhibits 2, 3 and 4). A hearing on Dr. Farmer's application was set for November 14, 2017, at 1:30 p.m. (Exhibit 7)

6. On the morning of November 13, 2017, the Hospital's assistant administrator notified Dr. Farmer that the Hospital was holding a medical staff meeting at 12:00 p.m. on November 14, 2017. Based on the October 2017 meeting minutes (Exhibit 5) and the proposed agenda (Exhibit 6) that the assistant administrator sent to Dr. Farmer, it appears that Defendants intend to take an adverse action against Dr. Farmer's credentials at the Hospital at tomorrow's (November 14) meeting.

7. Irreparable harm will occur if Defendants' further efforts to adversely affect Dr. Farmer's credentials are not stopped. Dr. Farmer's personal and professional reputation has already been damaged by Defendants' improper forwarding of false findings to the KBOHA. Dr. Farmer's stands to suffer even more damage to his personal and professional reputation, as well as his ability practice medicine, if Defendants are allowed to take additional adverse actions against him at tomorrow's meeting. For this, a temporary restraining order may issue.

WHEREFORE, Dr. Farmer respectfully requests an order directing Defendants to stay any attempt to adversely affect his credentials at the Hospital and to restore the status quo pending resolution of this case by immediately rescinding and withdrawing from the KBOHA Defendants' improperly submitted findings and providing to Dr. Farmer all medical records involved in the so called independent peer review firm's findings, copies of all of the documents reviewed and created by the so called independent peer review firm, documents relied on by the Risk Management Committee ("the Committee") in reaching its conclusions, the so called independent peer review firm's findings, and the Committee's agendas, minutes, notes, and files related to when such findings were discussed.

FURTHER, Dr. Farmer requests an order prohibiting Defendants from suspending his medical staff privileges and further violating his constitutional rights.

FURTHER, Dr. Farmer requests an order requiring Defendants to specifically perform the requirements of the Rules and Regulations of the Professional Staff that were properly enacted in 2013and to provide Dr. Farmer with his procedural due process rights.

FINALLY, Dr. Farmer requests an order prohibiting Defendants from altering or destroying any physical or electronic documents or records relating to or touching upon the issues raised in this case.

Respectfully submitted,

FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy., Ste. 100
Wichita, KS 67206-4466

By:     /s /Gary L. Ayers
    Gary L. Ayers, S. Ct. No. 10345
    gayers@foulston.com
    Dir. Tel.: 316.291.9530
    Clayton J. Kaiser, S. Ct. No. 24066
    ckaiser@foulston.com
    Dir. Tel.: 316.291.9539

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 13th day of November, 2017, I presented the foregoing to the Clerk of the Court by electronic transmission for filing with the Court, which will send notice of electronic filing to the following:

  Will B. Wohlford
  Ryan M. Peck

            By: /s/ Gary L. Ayers
               Gary L. Ayers