## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FREDRICK J. FARMER, D.O.,

      *Plaintiff,*

  vs.

STAFFORD COUNTY HOSPITAL;
RICHARD S. CARTER, M.D.; CARTER
PROFESSIONAL CARE STAFFORD, LLC;
and TODD TAYLOR,

      *Defendants.*

Case No. 17-1284-EFM-GLR

### MEMORANDUM AND ORDER

Plaintiff Fredrick J. Farmer, D.O. brings suit against Defendants Stafford County Hospital ("Hospital"); Richard S. Carter, M.D.; Carter Professional Care Stafford, LLC; and Todd Taylor. Plaintiff claims that Defendants violated the Hospital's Bylaws, Rules, and Regulations of the Professional Staff ("Bylaws") when they forwarded adverse standard of care findings to the Kansas Board of Healing Arts ("KBOHA") prior to giving him a hearing to challenge the adverse findings. Plaintiff brings seven claims relating to Defendants' conduct.

Defendants have now filed a Motion to Stay Case and Compel Arbitration (Doc. 9). Defendants argue that Plaintiff's claims are subject to an arbitration provision in his Physician Contract Labor Agreement ("Agreement"). Thus, they assert that the Court should stay the case

and compel arbitration. Because the Court finds that Plaintiff's claims do not arise out of or relate to the Agreement, the Court denies Defendants' motion.

## I.    Factual and Procedural Background

Plaintiff has been a licensed physician in Kansas since 1980. Many years ago, he applied for and received medical privileges to practice at Defendant Hospital. He has maintained those privileges through the current day.

The Bylaws govern the responsibilities of the practicing physicians and their professional associates. Among other things, they set forth procedures and protocol to be followed when there is a report, investigation, or peer review finding that implicates a member of the Hospital's medical staff. As a medical provider, Plaintiff relied upon the promises and representations contained in the Bylaws.[1]

In July 2017, Plaintiff received a letter from Defendant Todd Taylor (the Hospital's administrator) stating that an independent peer review firm had found adverse standard of care findings with regard to two of Plaintiff's charts. The letter informed Plaintiff that these findings had already been reviewed, accepted, and forwarded on to the KBOHA. Plaintiff contacted counsel, and his counsel then demanded that the Hospital afford Plaintiff due process rights. In addition, Plaintiff's counsel stated that there were defamatory statements in Defendant Taylor's letter.

Unable to reach an understanding or agreement, Plaintiff filed his lawsuit in state court on October 16, 2017, asserting seven claims based on Defendants' alleged improper forwarding of

---

[1] Plaintiff references and relies upon the 2013 Bylaws. As part of his factual allegations in his Complaint, he states that the Hospital's Board of Directors attempted to improperly amend the 2013 Bylaws in June 2017, immediately prior to the alleged malicious conduct. He does not, however, include claims relating to this alleged amendment.

false findings to the KBOHA and refusal to provide documents to Plaintiff to challenge the findings. These include: (1) breach of contract, (2) tortious interference with contract, (3) promissory estoppel and detrimental reliance, (4) defamation and injury to privacy interests, (5) retaliation, (6) violation of free speech, and (7) violation of procedural due process rights. On October 20, Plaintiff also filed an application for a temporary injunction because it appeared that Defendants intended to take adverse action against Plaintiff's credentials or Hospital privileges at an upcoming meeting on November 14.

Defendants removed the case to federal court on November 10. Plaintiff then filed a Motion for Temporary Restraining Order. A hearing was held on November 14. The Court granted Plaintiff's motion to enjoin Defendants from taking any further adverse action against Plaintiff's privileges at the Hospital or his medical license until he was given notice and an opportunity to be heard and present evidence before the Hospital. The parties requested multiple continuances of the scheduled preliminary injunction hearing. In April, the parties filed a Joint Motion to Dissolve the Temporary Restraining Order stating that the parties reached an agreement resolving the issues to be decided by the preliminary injunction hearing.

In the meantime, Defendants filed a Motion to Stay Case and Compel Arbitration. Separate from the Bylaws, Plaintiff has an Agreement with the Hospital's Board of Trustees. The parties entered this Agreement on January 1, 2017. In this Agreement, an arbitration clause provides:

> Arbitration. Any claim, controversy or dispute arising out of or relating to this Agreement, except as set forth herein, shall be settled by arbitration in Wichita, Kansas, in accordance with the rules for arbitration of the American Health Lawyers Association. A single arbitrator shall be used. Any arbitration shall be undertaken pursuant to the Federal Arbitration Act, where possible, and the decision of the arbitrators shall be final, binding, and enforceable in any court of competent jurisdiction. The arbitrators may not award punitive, consequential or

indirect damages.  Each party hereby waives the right to such damages and agrees to receive only those actual damages directly resulting from the claim asserted.  Each party shall cover their own costs, including reasonable attorneys' [fees].  In resolving all disputes between the parties, the arbitrator will apply the laws of the State of Kansas.  The parties will be entitled to conduct document and other discovery to the extent permitted by the arbitrators.  The parties shall keep the proceedings private and confidential.

Defendants contend that Plaintiff's claims relate to his employment and are therefore covered by the arbitration provision.   Plaintiff disagrees.

## II.    Legal Standard

Arbitration is a matter of contract, and a party must arbitrate only those disputes that they have agreed to submit to arbitration.[2]  If a contract contains an arbitration provision, there is a presumption of arbitrability.[3]  Whether the parties agreed to arbitrate a dispute is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.[4]  Whether there is an enforceable arbitration agreement is a matter of state contract law to be decided by the court.[5]  A defendant seeking to compel arbitration has the initial burden to show enough evidence of an enforceable agreement to arbitrate.[6]  If the defendant meets this burden, the plaintiff must

---

[2] *AT & T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 648 (1986).

[3] *Id.* at 650; *Gratzer v. Yellow Corp.*, 316 F. Supp. 2d 1099, 1103 (D. Kan. 2004).

[4] *AT & T Techs.*, 475 U.S. at 649; *Gratzer*, 316 F. Supp. 2d at 1103.

[5] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 777 (10th Cir. 2010). This Court applies Kansas law because the documents were signed in Kansas, and the arbitration provision provides that any claim or dispute would be arbitrated in Wichita, Kansas.

[6] *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1263 (D. Kan. 2003).

show a genuine issue of material fact as to the validity of the agreement.[7]  Doubts should be resolved in favor of arbitration.[8]

The Federal Arbitration Act provides that arbitration agreements are valid and enforceable subject to the same legal grounds for the revocation of any contract.[9]  A federal district court may compel arbitration when it would have jurisdiction in the underlying dispute.[10]  Finally, upon motion by one of the parties, a court must stay litigation on a matter that the parties have agreed to arbitrate.[11]

## III.    Analysis

Plaintiff's Agreement contains a provision stating that "[a]ny claim, controversy or dispute arising out of or relating to this Agreement, except as set forth herein, shall be settled by arbitration …."  Defendants assert that Plaintiff's claims relate to his employment by the Hospital and the applicability of the bylaws and policies.  Thus, they argue that Plaintiff's claims are subject to the arbitration provision in his Agreement.

Plaintiff contends that his claims do not arise out of or relate to his Agreement.  He asserts that this Agreement only covers his on-call coverage for the Hospital's emergency room in 2017 and that this Agreement is not necessary for him to maintain his membership on the medical staff.

---

[7] *Id.*

[8] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010) (citing *First Options*, 514 U.S. at 945); *Newmont U.S.A. Ltd. v. Ins. Co. of North America*, 615 F.3d 1268, 1275 (10th Cir. 2010) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983)).

[9] 9 U.S.C. § 2.

[10] 9 U.S.C. § 4.

[11] 9 U.S.C. § 3.

Plaintiff argues that his claims relate to his rights under the Bylaws and do not require any interpretation of the Agreement.

The Court agrees with Plaintiff. Plaintiff's claims are related to Defendants' alleged violation of the Bylaws and do not arise out of or relate to the Agreement. Although the Agreement references the Bylaws and requires compliance with the Bylaws, it does not require arbitration of any claim relating to the Bylaws. Instead, the arbitration clause in the Agreement states that any claim related to or arising out of the Agreement must be arbitrated. In addition, there is no arbitration clause in the Bylaws.

Plaintiff's contractual claims are related to the Bylaws and not to the Agreement. Plaintiff's tort and constitutional claims are even more remotely related to the Agreement. Because Plaintiff's claims do not arise out of or relate to the Agreement and are outside the scope of the Agreement, the Court finds that the arbitration clause is not applicable in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Case and Compel Arbitration (Doc. 9) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of June, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE