UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDRICK J. FARMER,

                    Plaintiff,

v.                                                Case No. 17-1284-EFM

STAFFORD COUNTY HOSPITAL,
et al.,

                    Defendants.

## ORDER

The plaintiff, Fredrick J. Farmer, D.O., brings federal and state law claims against Stafford County Hospital, Richard S. Carter, M.D., Carter Professional Care Stafford, LLC, and Todd Taylor (collectively, "defendants"), arising from defendants' forwarding of allegations against plaintiff to the Kansas Board of Healing Arts. Pursuant to paragraph 2(b) of the scheduling order (ECF No. 43), the parties have filed a joint motion (ECF No. 45) asking the court to resolve various discovery disputes discussed at the October 19, 2018 scheduling conference. Specifically, the parties have asked the court to determine whether plaintiff is entitled to the following: (1) so-called "incident reports" defendants are withholding under assertions of privilege created by K.S.A. 65-4915 ("peer-review" privilege) and/or K.S.A. 65-4925 ("risk-management" privilege); and (2) certain patient records defendants are withholding under an assertion of the physician-patient privilege embodied in K.S.A. 60-427 and/or pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPPA), 45 C.F.R. § 164.512(e). As

1

discussed below, defendants' objections are overruled.

## K.S.A. 65-4915, K.S.A. 65-4925, K.S.A. 60-427

As an initial matter, the court must determine whether federal or state privilege law is controlling with regard to this dispute where, as indicated above, this action involves both federal and state law claims. The parties agree the documents sought are relevant to both plaintiff's federal and state law claims,[1] and further agree that federal common law does not recognize Kansas's codified peer-review, risk-management, or physician-patient privileges.[2]

Fed. R. Evid. 501 provides:

> The common law—as interpreted by the United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

This rule fails to directly address the present situation, i.e., where there is federal question jurisdiction with pendent state law claims, the evidence sought is relevant to

---

[1] Defendants concede "[plaintiff's] claims are inextricably interrelated," and therefore, "all the evidence at issue relates to all the claims, whether they be federal law or state law causes of action." ECF No. 49 at 5.

[2] Defendants assert that "[n]either the Supreme Court nor the Tenth Circuit has recognized a medical peer review or medical risk management privilege under federal common law." ECF No. 49 at 5.

2

both claims, and a conflict exists between federal and state law. In *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355 (10th Cir. 1997), the Tenth Circuit held that where both federal claims and pendent state law claims are implicated, courts should consider both federal and state privilege law. The court noted, however, that if the privilege is upheld by one body of law, but denied by the other, "an analytical solution must be worked out."[3] The court then referenced several federal-question cases outside the circuit upholding the application of federal privilege law, despite the presence of pendent state law claims, where such conflicts existed.[4]

Since *Sprague*, several cases in this District addressing conflicts in law have concluded that where a federal claim provides the basis for the court's jurisdiction, federal privilege law governs "even where the evidence sought also may be relevant to pendent state law claims."[5] Defendants cite no authority supporting the application of state privilege law.

Consistent with the above-discussed case law in this District, the court finds the state-law privileges inapplicable. Accordingly, defendants' objections based on K.S.A.

---

[3] *Sprague*, 129 F.3d at 1369.

[4] *Id.* at 1369, n. 7.

[5] *Eaton v. Citizens Med. Ctr.*, No. 03-1448 (D. Kan. Dec. 2, 2004) (quoting *Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644 (D. Colo. 2004)). *See also Lopez-Aguirre v. Bd. of Cty. Com'rs*, No. 12-2752, 2013 WL 6796459, at *3 (D. Kan. Dec. 20, 2013) ("to the extent evidence relates to both the federal and state law causes of action, the [state-law] privilege will not apply to the extent it was adequately opposed by [p]laintiff."); *Sellers v. Wesley Med. Ctr., LLC*, No. 11-1340, 2012 WL 5362977, at *3 (D. Kan. Oct. 31, 2012) (same).

65-4915, K.S.A. 65-4925, and K.S.A. 60-427 are overruled.

HIPPA

Plaintiff seeks the patient records of an individual for whom plaintiff did not provide care, "but who nevertheless serves as a basis for one of the allegations against [plaintiff]."[6] In addition to asserting the above-discussed physician-patient privilege, defendants claim production of these records is prohibited by HIPPA. Both parties refer to 45 C.F.R. § 164.512(e), which provides, in relevant part:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
>> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>>
>> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

Defendants assert that plaintiff has not provided satisfactory assurance that the

---

[6] ECF No. 48 at 1.

4

individual who is the subject of the protected health information has been notified or consented to the release of information. As plaintiff observes, however, disclosure may be authorized absent such notification under subsections (e)(1)(i) or (ii)(B). In light of the parties' agreed protective order entered in this case (ECF No. 47), the court overrules defendants' objections to the production of patient records on the basis of HIPPA.

IT IS THEREFORE ORDERED that defendants' objections based on K.S.A. 65-4915, K.S.A. 65-4925, K.S.A. 60-427, and/or 45 C.F.R. § 164.512(e) are overruled. Defendants are ordered to produce the requested incident reports and medical records by December 19, 2018.

IT IS SO ORDERED.

Dated December 12, 2018, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge