IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDRICK J. FARMER, D.O.,

    *Plaintiff,*

vs.

STAFFORD COUNTY HOSPITAL;
RICHARD S. CARTER, M.D.; CARTER
PROFESSIONAL CARE STAFFORD, LLC;
and TODD TAYLOR,

    *Defendants.*

Case No. 17-1284-EFM-JPO

**MEMORANDUM AND ORDER**

Plaintiff Fredrick J. Farmer, D.O. filed suit against Defendants Stafford County Hospital ("Hospital"); Richard S. Carter, M.D.; Carter Professional Care Stafford, LLC ("the Management Company"); and Todd Taylor. Plaintiff claims that Defendants violated the Hospital's Bylaws, Rules, and Regulations of the Professional Staff ("Bylaws") when they forwarded adverse standard of care findings to the Kansas Board of Healing Arts ("KBOHA") prior to giving him a hearing to challenge the adverse findings. Plaintiff brings seven claims relating to Defendants' conduct. Defendants Hospital and Taylor filed a Motion to Dismiss (Doc. 51) arguing that Plaintiff did not comply with K.S.A. § 12-105b(d) prior to filing several tort claims against them. Thus, they contend that this Court lacks subject matter jurisdiction over these claims and request dismissal.

Because the Court finds that Plaintiff failed to comply with K.S.A. § 12-105b(d), the Court grants Defendants' motion.

## I. Factual and Procedural Background

Plaintiff has been a licensed physician in Kansas since 1980. Many years ago, he applied for and received medical privileges to practice at Defendant Hospital, a hospital owned and operated by the government of Stafford County, Kansas. Defendant Taylor is the administrator of Defendant Hospital. Toward the end of 2016, Defendant Hospital entered into a contract with Defendant Management Company which gave the Management Company managerial control of the Hospital. Defendant Management Company's sole owner is Defendant Dr. Richard Carter.

In July 2017, Plaintiff received a letter from Defendant Taylor stating that an independent peer review firm had found adverse standard of care findings with regard to two of Plaintiff's charts. The letter informed Plaintiff that these findings had already been reviewed, accepted, and forwarded on to the KBOHA. Plaintiff contacted counsel, and his counsel then demanded that the Hospital afford Plaintiff due process rights. In addition, Plaintiff's counsel stated that there were defamatory statements in Defendant Taylor's letter.

Unable to reach an understanding or agreement, Plaintiff filed a lawsuit in state court on October 16, 2017, asserting seven claims based on Defendants' alleged improper forwarding of false findings to the KBOHA and refusal to provide documents to Plaintiff to challenge the findings. These include: (1) breach of contract, (2) tortious interference with contract, (3) promissory estoppel and detrimental reliance, (4) defamation and injury to privacy interests, (5) retaliation, (6) violation of free speech, and (7) violation of procedural due process rights. On October 20, Plaintiff also filed an application for a temporary injunction because it appeared that

Defendants intended to take adverse action against Plaintiff's credentials or Hospital privileges at an upcoming meeting on November 14.

Defendants removed the case to federal court on November 10. Plaintiff then filed a Motion for Temporary Restraining Order. A hearing was held on November 14. The Court granted Plaintiff's motion to enjoin Defendants from taking any further adverse action against Plaintiff's privileges at the Hospital or his medical license until he was given notice and an opportunity to be heard and present evidence before the Hospital. In April, the parties filed a Joint Motion to Dissolve the Temporary Restraining Order stating that the parties had reached an agreement resolving the issues to be decided by the preliminary injunction hearing.

Two Defendants, Hospital and Taylor, have now filed a Motion to Dismiss. They seek dismissal of any state-law tort claims asserted against them on the basis that Plaintiff failed to comply with K.S.A. § 12-105b(d), which requires written notice prior to commencing a tort claim against a municipality or an employee of a municipality. These two Defendants contend that the Court lacks subject matter jurisdiction over the tort claims asserted against them.

## II.     Legal Standard

Defendants bring their motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) facial attacks, which question the sufficiency of the allegations in the complaint; or (2) factual attacks, which challenge the content of the allegations regarding subject matter jurisdiction.[1] In a factual attack under Rule 12(b)(1), the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional

---

[1] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

facts."² Consequently, referencing materials submitted outside of the pleadings by the parties does not automatically classify the motion as one for summary judgment. Here, the parties included documents outside of the pleadings, but the Court will address the parties' arguments as part of a motion to dismiss.

### III. Analysis

Defendants Hospital and Taylor assert that the Court lacks subject matter jurisdiction over any state-law tort claims brought against them because Plaintiff failed to provide written notice before asserting his claims. Pursuant to K.S.A. § 12-105b(d), "[a]ny person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas [T]ort ]C]laims [A]ct [("KTCA")] shall file a written notice as provided in this subsection before commencing such action." A person cannot initiate an action against a municipality or an employee of a municipality unless the claim has been denied, or deemed denied, in full or part.³

It is undisputed in this case that Plaintiff did not provide written notice of his Kansas tort claims to Defendants. Plaintiff argues, however, that the statute should not apply in this case. His arguments are not persuasive.

First, he contends that several other courts have determined that the requirement to file prior written notice of a claim to the city does not apply when the primary relief sought is equitable or injunctive relief. These cases are not binding or persuasive as they are from outside this jurisdiction. Plaintiff does not direct the Court to any case law from Kansas that has ruled in a

---

² *Id.* at 1003.

³ K.S.A. § 12-105b(d).

similar manner. Indeed, Plaintiff states that Kansas courts have not addressed the issue. As will be noted below, Kansas cases that have addressed K.S.A. § 12-105b(d) have found prior written notice to be a mandatory condition.

Plaintiff next asserts that the requirement to give notice of state-law tort claims to "K.S.A. 12-105b defendants" prior to asserting such claims along with "non-K.S.A. 12-105b defendants" could potentially raise claim preclusion problems. The Court finds this argument speculative. Furthermore, this matter would better be taken up with the legislature—not the Court that is required to apply the statute as written.

The statute in this case states that any person who has a tort claim against a municipality or against an employee of a municipality *shall* file a written notice prior to filing suit.[4] The use of the word "shall" in the statute means that it is a mandatory requirement. Numerous Kansas cases have so decided. "The notice requirements in K.S.A. 12-105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality."[5] "Failure to substantially comply with the statute precludes a plaintiff from obtaining relief in district court."[6] Furthermore, "[t]he statute plainly provides that no person may initiate a lawsuit until the claim is denied or statutorily deemed denied."[7] Until the statutory condition precedent is met, a district court is without subject matter jurisdiction over a claim against a municipality.[8] Accordingly, Plaintiff can only assert claims

---

[4] K.S.A. § 12-105b(d).

[5] *Coffman v. City of Leavenworth, Kan.*, 303 F. Supp. 3d 1101, 1132 (D. Kan. 2018) (quoting *Miller v. Brungardt*, 916 F. Supp. 1096, 1099 (D. Kan. 1996)); *see also Sleeth v. Sedan City Hosp.*, 298 Kan. 853, 317 P.3d 782, 789-90 (2014) (noting that notice is a prerequisite to filing suit against a municipality).

[6] *Sleeth*, 317 P.3d at 789-90 (citation omitted).

[7] *Id*. at 794.

[8] *Id.* at 793.

covered under the KTCA against Defendants Hospital and Taylor if he provided them written notice pursuant to K.S.A. § 12-105b(d). Because he did not do so, the Court lacks subject matter jurisdiction over these tort claims.

The only remaining question is what claims are covered under the KTCA in this case. The parties agree that Claims I, II, and III are not covered because they are not tort-based claims or are asserted against different Defendants. As to Plaintiff's defamation claim, Claim IV, and Plaintiff's retaliation claim, Claim V, they are asserted against all Defendants. The Court dismisses these claims as it relates to Defendants Hospital and Taylor. These two claims remain as it relates to Defendants Management Company and Carter.[9] As to Claim VI, Plaintiff brings a claim for violation of free speech and relies on both a state-law theory and a federal-law theory. To the extent it relies upon a state-law theory, it is dismissed. Finally, Plaintiff's Claim VII is a procedural due process claim. Defendants state that it is unclear whether Plaintiff relies exclusively on federal law or asserts a state-law theory in this claim. Plaintiff clarifies in his briefing that he only asserts a federal claim. Thus, Claim VII is unaffected by this Court's ruling. In sum, to the extent that state-law tort claims are included in Claims IV, V, and VI against Defendants Hospital and Taylor, the Court lacks subject matter jurisdiction and dismisses those claims.

**IT IS THEREFORE ORDERED** that Defendants Motion to Dismiss (Doc. 51) is **GRANTED**. All Defendants remain in this case. Claims I, II, III, and VII remain fully intact. The state-law tort claims against Defendants Hospital and Taylor contained in Claims IV, V, and

---

[9] These Defendants did not move for dismissal, and they do not appear to be a municipality or a municipality's employee.

VI are dismissed for lack of subject matter jurisdiction. They remain intact, however, against Defendants Management Company and Carter.

**IT IS SO ORDERED**.

Dated this 20th day of February, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE